UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES P GRCEVICH,<br><br>                Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 3:18-CV-05171-DWC<br><br>ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

The parties agree the Administrative Law Judge ("ALJ") committed reversible error. As there are outstanding issues to be resolved, the Court remands this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner").

FACTUAL AND PROCEDURAL HISTORY

On June 5, 2015, Plaintiff filed an application for DIB, alleging disability as of January 1, 2013. *See* Dkt. 8, Administrative Record ("AR") 213. The application was denied upon initial

administrative review and on reconsideration. *See* AR 157-62. After holding an administrative hearing on November 15, 2016, ALJ Michael Gilbert found Plaintiff not disabled on August 4, 2017. AR 12-37, 56-104. The Appeals Council denied Plaintiff's administrative appeal, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) base the Residual Functional Capacity ("RFC") and hypothetical questions on substantial evidence in the record; (2) provide sufficient reasons to reject medical opinion evidence from three doctors; (3) provide sufficient reasons to reject the disability rating from the Department of Veterans Affairs (VA); (4) provide sufficient reasons to reject lay testimony; and (5) provide sufficient reasons to reject Plaintiff's subjective claims. Dkt. 12, pp. 1-17. Plaintiff requests the Court remand this case for an award of benefits. *Id.* at 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff and Defendant agree the ALJ committed reversible error. Dkt. 12, pp. 1-17; Dkt. 15, pp. 1-2. Plaintiff argues the case should be remanded for payment of benefits, while Defendant asserts the case should be remanded for further administrative proceedings. *See* Dkt. 12, p. 17; Dkt. 15, p. 4.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

An ALJ's errors are relevant, however, only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)). Therefore, even if the "credit-as-true" conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2004)).

As to the first prong of the credit-as-true test, Defendant concedes the ALJ should "reevaluate the medical evidence, reevaluate the claimant's subjective complaints, and further

evaluate whether he could perform past relevant work or other work." Dkt. 15, p. 2. Defendant does not specifically state which part of the ALJ's opinion was in error. Nevertheless, because Defendant concedes to remand and that the ALJ improperly considered at least some of the medical opinion evidence or testimony, the Court will not address whether the ALJ erred with respect to specific evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 682-83 (9th Cir. 2017) (remand is proper where the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony *or* medical opinion evidence).

With respect to the second prong, there are outstanding issues that must be resolved before a disability determination can be made. In a section marked "SPECIAL ATTENTION" in his decision, the ALJ stated, "The totality of this case, and in particular hundreds of pages of evidence obtained after the hearing[,] demonstrate that the claimant has a residual functional capacity that is greater than set forth to the vocational expert at [the] hearing." AR 30. The evidence obtained after the hearing included Plaintiff's imaging results and progress/chart notes from medical providers. AR 37. The progress notes include several instances from April to June 2017 in which doctors note that Plaintiff can walk without difficulty or assistance and his motor strength is normal. *See* AR 1328, 1372, 1375, 1382.

The ALJ also noted inconsistencies in Plaintiff's report of a fall at Burger King in 2015. AR 15. At the hearing, Plaintiff stated he was involved in an ensuing lawsuit and that he discussed his pain and symptoms in a sworn deposition. AR 83-84. The ALJ requested the deposition transcript, but after the hearing, Plaintiff's attorney notified the ALJ that Plaintiff had not been represented in that lawsuit, and no deposition was submitted to the ALJ. AR 15.

The ALJ explained that, in light of the new evidence in the record, a consultative exam "may shed light on whether new evidence supports a profoundly more robust RFC than found

here based upon judicial economy." AR 30. The ALJ noted this could result in different hypotheticals given to the vocational expert ("VE"). AR 30.

Plaintiff argues the medical opinion evidence and lay testimony requires a finding of disability, even with the evidence submitted after the hearing. Dkt. 16, pp. 1-6. Plaintiff points to medical opinion evidence from three doctors who discussed Plaintiff's physical and mental impairments, including limitations on climbing and stooping. Dkt. 16, pp. 1-6; AR 794-99, 895-902, 904-08. Plaintiff also argues lay testimony from Plaintiff's wife, who discussed Plaintiff's need for a cane, supports a finding of disability. Dkt. 16, pp. 4-5.

Much of the new evidence addresses Plaintiff's mobility and strength and appears to contradict the opinion evidence and testimony about Plaintiff's ability to walk without assistance and inability to climb or stoop. *See* AR 1328, 1372, 1375, 1382. Additionally, the progress notes repeatedly state that Plaintiff reported no mental health issues and appeared awake, alert, and oriented. *See* AR 1363-64, 1437-38. Thus, the new evidence could change the hypothetical questions the ALJ would present to the VE and could require the ALJ to articulate why he did or did not give greater weight to the new evidence than to the previous medical opinions.

Additionally, although some of the evidence involves medical evidence from doctor appointments that occurred after the hearing, that evidence is relevant to the RFC because of vocational guideline changes that occurred when Plaintiff reached the advanced age category. *See* AR 30. If the RFC states that Plaintiff's education does not provide for direct entry into skilled work, his skills are not transferrable, and he is limited to sedentary work, he must be found disabled at age 50. 20 CFR Pt. 404, Subpt. P, App. 2, Rule 201.14. However, if the ALJ concludes that the evidence submitted after the hearing establishes that Plaintiff can perform more than sedentary work, Plaintiff will not automatically be entitled to a finding of disability.

Because Plaintiff is now 50 years old,[1] remand is appropriate to determine how the vocational guidelines apply.

Plaintiff also argues the VA disability rating alone would merit an award of benefits in this case. Dkt. 16, p. 4. The ALJ may give less weight to a VA disability rating if he cites persuasive, specific, valid reasons for doing so that are supported by the record. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Here, the ALJ relied on medical opinions to give little weight to the VA determination. AR 27. Because the weight of those medical opinions may change when taking into account the new evidence, the VA disability rating itself does not require an award of benefits.

Finally, Plaintiff argues Plaintiff's own testimony about pain and fatigue established disability. Dkt. 16, p. 5. However, Plaintiff's statements about his deposition from the Burger King case are relevant for an ALJ to take into account when determining credibility. *See* AR 15. Thus, outstanding issues remain that must be resolved before a disability determination can be made.

Accordingly, the Court finds it is not necessary to reach the third prong of the credit-as-true test. *See Treichler v. Commissioner*, 775 F.3d 1090, 1107 (9th Cir. 2014) (because the court determined "further administrative proceedings [were] necessary," it did "not reach the third step of the rule, [crediting the improperly disregarded evidence as true, since that only] arises where the record is fully developed and free from conflicts, making it clear that the ALJ would be required to find the claimant disabled if he credited the claimant's testimony as true."); *Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) ("A district court cannot proceed directly to credit a claimant's testimony as true and then look to the record to determine whether any issues are

---

[1] *See* AR 64 (stating that Plaintiff was 48 years old during hearing held on November 15, 2016).

outstanding, as 'this reverses the required order of analysis.' ") (quoting *Dominguez*, 808 F.3d at 409).

In sum, this case does not present rare circumstances in which an immediate award of benefits is appropriate. On remand, the ALJ is directed to re-evaluate all of the medical evidence, the severity of Plaintiff's impairments; Plaintiff's subjective symptom testimony; Plaintiff's RFC; and the findings at Step Five to determine if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the new RFC.

Dated this 21st day of November, 2018.

_____
David W. Christel
United States Magistrate Judge